UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 11CR1445-WQH |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT, REVOCATION OF BOND, AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3148** |
| STEVEN MARTINEZ, | ) | |
| Defendant. | ) | |

In accordance with 18 U.S.C. § 3148 of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), this Court conducted a bond hearing on March 15, 2012 to determine whether defendant STEVEN MARTINEZ (the "Defendant") should be held in custody pending trial, on the grounds that he violated his pretrial release conditions, is a flight risk and poses a danger to the community. Assistant U.S. Attorney Joseph J.M. Orabona appeared on behalf of the United States. Attorney David Demergian appeared on behalf of the Defendant.

Based on the Superseding Indictment in Criminal Case No. 11CR1445-WQH, the evidence proffered by the United States and by the Defendant, the Pretrial Services Report, and the Complaint and Affidavit in Magistrate Case No. 12MJ0767, the Court concludes that the following facts establish by a preponderance of the evidence (with

respect to risk of flight) and by clear and convincing evidence (with respect to danger to the community) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required:

I

**<u>THE LAW GENERALLY</u>**

A.  In accordance with 18 U.S.C. § 3148, a person who has been released under 18 U.S.C. § 3142 and who violates a condition of release is subject to revocation of release and an order of detention. <u>See</u> 18 U.S.C. § 3148(a).

B.  After a hearing, the judicial officer shall enter an order of revocation and detention if the officer finds that there is (1)(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2)(A) based on the factors set forth in § 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release. <u>See</u> 18 U.S.C. § 3148(b).

C.  Further, if there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. <u>See</u> 18 U.S.C. § 3148(b)(2)(B).

//

## II

## **FINDINGS OF FACT**

**A. Nature and Circumstances of the Offenses Charged**

1. On April 14, 2011, Defendant was charged in a 49-count Indictment in Criminal Case No. 11CR1445-WQH with: (1) 6 counts of Mail Fraud (18 U.S.C. § 1341); (2) 14 counts of Procuring a False Tax Return (26 U.S.C. § 7206(2)); (3) 12 counts of Social Security Fraud (42 U.S.C. § 408(a)(8)); (4) 12 counts of Aggravated Identity Theft (18 U.S.C. § 1028A); (5) 4 counts of Making a False Tax Return (26 U.S.C. § 7206(1)); (6) 1 count of Money Laundering (18 U.S.C. § 1957); and (7) Criminal Forfeiture.

2. On April 21, 2011, Defendant was released following the posting of a $350,000 property bond. Defendant signed the Advice of Penalties and Sanctions Form.

2. On March 2, 2012, Defendant, while on pretrial release, was arrested and charged, in Magistrate Case No. 12MJ0767, with Witness Tampering, in violation of 18 U.S.C. § 1512(a)(1)(A).

3. On March 9, 2012, Defendant was charged in a 55-count Superseding Indictment in Criminal Case No. 11CR1445-WQH with: (1) 6 counts of Mail Fraud (18 U.S.C. § 1341); (2) 14 counts of Procuring a False Tax Return (26 U.S.C. § 7206(2)); (3) 12 counts of Social Security Fraud (42 U.S.C. § 408(a)(8)); (4) 12 counts of Aggravated Identity Theft (18 U.S.C. § 1028A); (5) 4 counts of Making a False Tax Return (26 U.S.C. § 7206(1)); (6) 1 count of Money (18 U.S.C. § 1957); (7) 4 counts of Witness Tampering (18 U.S.C. § 1512(a)(1)(A)); (8) 1 count of Using a Facility of Interstate Commerce in Commission of Murder-For-Hire (18 U.S.C. § 1958); (9) 1 count of Solicitation of a Crime of Violation (18 U.S.C. § 373); and (10) Criminal Forfeiture.

2. Probable cause exists to believe that Defendant has committed additional felony offenses while on pretrial release, namely, Witness Tampering, Using a Facility of Interstate Commerce in Commission of Murder-For-Hire, and Solicitation of a Crime of Violence, as charged in Counts 50 through 55 of the Superseding Indictment in Criminal Case No. 11CR1445-WQH.

3. Each count of Mail Fraud charged in the Superseding Indictment carries a maximum term of 20 years in prison; a maximum fine of the greatest of: (1) $250,000, and (2) two times the gross gain or gross loss derived from the offense, all pursuant to 18 U.S.C. § 3571(b) and (d); a term of supervised release of not more than 3 years; and mandatory restitution.

4. Each count of Procuring a False Tax Return charged in the Superseding Indictment carries a maximum term of 3 years in prison; a maximum fine of $100,000; and a term of supervised release of not more than 1 year.

5. Each count of Social Security Fraud charged in the Superseding Indictment carries a maximum term of 5 years in prison; a maximum fine of $100,000; and a term of supervised release of not more than 1 year.

6. At least one count of Aggravated Identity Theft charged in the Superseding Indictment carries a minimum mandatory 2-year term of imprisonment consecutive to any other sentence imposed.

7. Each count of Making a False Tax Return charged in the Superseding Indictment carries a maximum of 3 years in prison; a maximum fine of $100,000; and a term of supervised release of not more than 1 year.

//

8. Each count of Witness Tampering charged in the Superseding Indictment carries a maximum term of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years.

9. The offense of Using a Facility of Interstate Commerce in Commission of Murder-for-Hire charged in the Superseding Indictment carries a maximum term of 10 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than 3 years.

10. The offense of Solicitation of a Crime of Violence charged in the Superseding Indictment carries a maximum term of 15 years in prison; a maximum fine of $125,000; and a term of supervised release of not more than 3 years.

**B.  Weight of the Evidence Against the Defendant**

1. Although the weight of the evidence against the Defendant is the least important factor, the Court finds that probable cause exists to believe that the Defendant has committed the offenses charged in the Superseding Indictment.

**C.  History and Characteristics of the Defendant**

1. While Defendant is a United States citizen, he has ties to Mexico and owns property located north of Puerto Vallarta, Mexico.

2. Defendant has family ties in San Diego County, and resides in Ramona, California.

3. Defendant has financial resources. Defendant also owns several vehicles.

4. Defendant has engaged in a tax preparation business in this community, and this employment is directly related to conduct and offenses charged.

//

5.  Defendant has no known physical or mental conditions, no criminal history, no known past conduct, no drug/alcohol abuse, no known record concerning any court appearances, and no outstanding term of probation, parole, or supervised release.

**D.    Danger to the Community**

1.  Defendant poses a danger to the community because there is probable cause to believe that, while on pretrial release, Defendant committed another federal felony, to wit: Witness Tampering, Using a Facility of Interstate Commerce in Commission of Murder-For-Hire, and Solicitation of a Crime of Violence.

2.  According to the Superseding Indictment, Defendant allegedly attempted to kill and murder witnesses in order to prevent their testimony and attendance in an official proceeding in Criminal Case No. 11CR1445-WQH.

**E.    Rebuttable Presumption**

1.  The Court held a hearing on March 15, 2012. Based upon the evidence presented and proffered at the hearing, the evidence previously presented and proffered at the bail hearing on April 18, 2011, and the factors set forth in 18 U.S.C. § 3142(g), the Court concluded that the presumption of detention had not been rebutted.

**III**

**REASONS FOR DETENTION**

A.  There is probable cause to believe that Defendant committed the additional felony offenses charged in Counts 50 through 55 of the Superseding Indictment in Criminal Case No. 11CR1445-WQH, to wit: Witness Tampering, Use of Facility of Interstate Commerce in Commission of Murder-For-Hire, and Solicitation of a Crime of Violence.

B.　As there is probable cause to believe that, while on pretrial release, Defendant violated the law, the rebuttable presumption arises that no condition or combination of conditions will assure he will not pose a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3148(b)(2)(B).

C.　Defendant did not present sufficient evidence to overcome the presumption, and therefore, the Court finds that based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant does not pose a danger to the safety of any other person or the community.

D.　The Court finds that the continued release of Defendant would pose a danger that he will continue to engage in corrupt behavior to thwart the ends of justice.

**IV**

**ORDER**

IT IS HEREBY ORDERED that the pretrial Order Setting Conditions of Release (Docket No. 9 in Criminal Case No. 11CR1445-WQH) is hereby REVOKED and Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the

United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 3/19/2012

THE HONORABLE MITCHELL D. DEMBIN
United States Magistrate Judge
Southern District of California

Prepared by:

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant U.S. Attorney

cc: David Demergian, Esq.
    Geoffrey Morrison, Esq.